IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
04 APR 20 PM 2:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

WILLIAM L. INGRAM, et al., }
}
    Plaintiffs. }
}    CIVIL ACTION NO.
v. }    04-AR-0342-S
}
THE ALABAMA POLICY INSTITUTE, }
et al., }
}
    Defendants. }

ENTERED
APR 20 2004

### MEMORANDUM OPINION

    The court has before it plaintiffs' motion to remand the above-entitled case to the Circuit Court of Jefferson County, Alabama, from which it was removed by defendants. The motion complains of procedural and substantive defects in the removal, but the court will concentrate on the presence or absence of subject-matter jurisdiction, an inquiry that must be conducted whether or not the issue is brought to the court's attention by a plaintiff who picked the state forum and who wants to remain there. In fact, even if a plaintiff should change his mind upon finding out what federal judge he has been assigned to, his delight in that assignment, no matter how lavishly expressed, could not confer jurisdiction on that judge. There has been no such expression here.

    In this case, the removal occurred much longer than thirty (30) days after William L. Ingram, the primary plaintiff, claimed lost benefits that he alleged were the proximate result of the

various and sundry torts and other civil wrongs committed by the defendants. Either this early allegation was sufficiently "related to" ERISA to have invoked, deliberately or accidentally, ERISA, and to have presented a federal question triggering the obligation by defendants to remove within thirty (30) days unless they were satisfied with the concurrent jurisdiction of the state court, or the inartful recent amendment to the complaint filed less than thirty (30) days before the current removal was no more than an innocuous puffing and blowing, and not the presentation of a new ERISA governed benefits claim. The court opines that if the recent amendment constitutes an ERISA benefits claim, plaintiffs' earlier reference to lost benefits had likewise presented an ERISA claim, but the court finds that neither the original complaint nor the amendment contains an ERISA claim. Every time an employee sues his former employer for wrongful termination and includes as an element of claimed damages his alleged lost "benefits", such as disability benefits, or medical benefits or pension benefits, he has not exposed himself to an ERISA preemption. This court does not apologize for being in the forefront of the growing groundswell of judicial opinion that quarrels with the concept that ERISA super-preempts everything.

During oral argument, defendants conceded that this court, in an exercise of the discretion granted by 28 U.S.C. § 1441(c), could sever and remand the myriad state law claims that are admittedly

not preempted or subsumed by ERISA. This would, of course, include the counterclaims that have no relation whatsoever to disability benefits. In other words, defendants in this case do not claim total preemption or transmogrification of all claims into an ERISA claim as to which the failure to exhaust administrative remedies would be a defense, and wherein the insurer-administrator of the ERISA plan would be an indispensable party. Defendants also admit that distinguishing the alleged ERISA claim from the state law claims would be a daunting task for either state or federal court. Defendants want this court to assume supplementary jurisdiction over state law claims that have been pending before a state judge for years and were nearing resolution there shortly before the removal. The court need not accept or reject defendants' invitation to preside over state law claims because removal jurisdiction here is premised upon existence of a federal question that defendants say suddenly appeared for the first time less than thirty (30) days before their notice of removal was filed. Because this court finds this premise to be false, an order of remand is the court's only option.

After plaintiffs filed their motion to remand, they amended their complaint in this court, apparently for the purpose of eliminating any colorable ERISA-related or federal claim. Although unnecessary in light of the reasoning above employed, this amendment makes unequivocally clear, if not already clear, that

there is no federal question upon which to maintain jurisdiction in this court, and making the necessity for remand even more obvious than it would otherwise be.

A separate order of remand will be entered.

DONE this 20th day of April, 2004.

*/s/ William M. Acker*
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE